## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SARA GHELDAR and**<br>**ROBERT GHELDAR,**<br>　　　**Plaintiffs,**<br><br>**vs.**<br><br><br>**LIBERTY MUTUAL FIRE**<br>**INSURANCE COMPANY and**<br>**THE FIRST LIBERTY**<br>**INSURANCE CORPORATION,**<br>　　　**Defendant,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION**<br><br>**FILE NO: 1:09-CV-2785-WSD** |

## <u>DEFENDANTS' INITIAL DISCLOSURES</u>

COME NOW, Defendants Liberty Mutual Fire Insurance Company and The First Liberty Insurance Corporation, and pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.1, file these Initial Disclosures:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**These Defendants are properly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Not applicable.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Defendants contend that the fire loss arose out of acts that were committed by or at the direction of the Plaintiffs, and with the intent to cause a loss. Defendants obtained confirmation that the fire was intentionally set, and Defendants contend that Plaintiffs either intentionally set the fire or directed another to set the fire, with the intent to cause a loss, and had the opportunity and motive to set the fire or direct another to do so.**

**Defendants contend that Plaintiffs made deliberate and material misrepresentations during Defendants' investigation of the fire loss, with the intent of defrauding Defendants into making payments under the policies of insurance. Defendants contend that Plaintiffs**

misrepresented their involvement in intentionally setting the fire or directing another to set the fire, with the intent to cause a loss. Defendants also contend that Plaintiffs made misrepresentations to Defendants regarding Plaintiffs' financial condition. Defendants contend that Plaintiff Sara Gheldar made misrepresentations in her application for insurance with Defendants, and Plaintiffs did not reside at the dwelling listed on the homeowners policy as the residence premises.

Defendants contend that Plaintiffs failed to comply with the terms and provisions of the policies and cooperate with Defendants' investigation. Defendants first made a request for Plaintiffs to submit to examinations under oath in September 2007. Throughout 2007 and all of 2008, Defendants made continued and repeated requests to conduct the examinations under oath, which Plaintiffs continued to avoid. Plaintiffs claimed that one or both Plaintiffs were unavailable and/or were no longer present in the United States. On March 2, 2009, Plaintiff Sara Gheldar submitted to examination under oath, which was adjourned so that Plaintiffs could collect information that they did not provide before or at the examination. Defendants continued to request

these items and documents from Plaintiffs, which Plaintiffs failed to provide.  Plaintiff Robert Gheldar has never submitted to examination under oath.  Plaintiffs have not fulfilled their duties and obligations under the policies of insurance.

The damages claimed by Plaintiffs are not covered under the policies issued to them by this Defendant.  Specifically, the insurance agreement between Plaintiffs and The First Liberty Insurance Corporation provides in pertinent part as follows:

### DEFINITIONS

*****

2.    *"Insured" means you and residents of your household who are:*

a.    *Your relatives; or*

*****

8.    *"Residence premises" means:*

a.    *The one family dwelling, other structures, and grounds; or*

b.    *That part of any building;*

*where you reside and which is shown as the "residence premises" in the Declarations.*

*****

## SECTION I – EXCLUSIONS

1.    *We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss:*

*\*\*\*\*\**

8.    *Intentional Loss.*

a.    *We do not provide coverage for any loss arising out of any act committed by or at the direction of an "insured" with the intent to cause a loss.*

*\*\*\*\*\**

## SECTION I – CONDITIONS

*\*\*\*\*\**

2.    *Your Duties After Loss.  In case of a loss to covered property, you must see that the following are done:*

*\*\*\*\*\**

f.    *As often as we reasonably require*

*\*\*\*\*\**

(2)    *Provide us with records and documents we request and permit us to make copies; and*

5

> (3) *Submit to examination under oath, while not in the presence of any other "insured," and sign the same;*
>
> *\*\*\*\*\**
>
> *SECTION I AND II – CONDITIONS*
>
> *\*\*\*\*\**

2. *Concealment Or Fraud.*

a. *Under Section I – Property Coverages, with respect to all "insureds" covered under this policy, we provide no coverage for loss under Section I – Property Coverages if, whether before or after a loss, one or more "insureds" have:*

> (1) *Intentionally concealed or misrepresented any material fact or circumstance;*
>
> (2) *Engaged in fraudulent conduct; or*
>
> (3) *Made false statements;*
>
> *relating to this insurance.*

Additionally, the insurance agreement between Plaintiffs and Liberty Mutual Fire Insurance Company provides in pertinent part as follows:

*PART E – DUTIES AFTER AN ACCIDENT OR LOSS*

6

*We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:*

*\*\*\*\*\**

B.    *A person seeking any coverage must:*

    *1.    Cooperate with us in the investigation … of any claim …*

        *\*\*\*\*\**

    *3.    Submit, as often as we reasonably require, within 30 days of our request:*

        *\*\*\*\*\**

        *b.    To interviews and recorded statements without the need for us to conduct an examination under oath.*

        *c.    To examination under oath and subscribe the same.*

        *\*\*\*\*\**

*PART F – GENERAL PROVISIONS*

*\*\*\*\*\**

*FRAUD*

*This policy will not provide coverage under any part of this policy for any insured or any other person or entity seeking benefits under this policy (whether before or after a loss) who:*

*a.    conceals or misrepresents any material fact or circumstance,*

*b.    makes false statements or*

*c.    engages in fraudulent conduct,*

*any of which relate to a loss, an accident, this insurance or the application*

*for this policy.*

*LEGAL ACTION AGAINST US*

*A.    No legal action may be brought against us until there has been full*

*compliance with all the terms of this policy …*

Plaintiffs' claims are therefore not covered under these policy

provisions

In addition, Plaintiffs' allegations of bad faith failure to pay are

without basis in fact or law since neither Liberty Mutual Fire Insurance

Company nor The First Liberty Insurance Corporation has denied

Plaintiffs' claim, nor refused to pay based upon an unreasonable

interpretation of the policy provisions as applied to the factual

circumstances known, which represents a substantial legal and factual

basis for Defendants' position regarding Plaintiffs' claim, and therefore

Defendants' conduct was in good faith.

Plaintiffs either set the fire at the Property or directed another to set the fire at the Property, with the intent to cause a loss.  Plaintiffs also made representations to First Liberty and Liberty Fire that Plaintiffs did not set the fire and that Plaintiffs did not direct another to set the fire, and Plaintiffs made representations regarding their residence and occupancy of the Property.  Plaintiffs willfully, knowingly and unlawfully, conspired to defraud Defendants by intentionally concealing or misrepresenting material facts or circumstances, and making false statements or engaging in fraudulent conduct relating to this insurance, including concealing their involvement in the fire.  Plaintiffs knew such representations were false and made with the intent and purpose to deceive Defendants as to the true cause of the fire loss, and were made with the intent that Defendants would rely on the misrepresentations. As a result of Plaintiffs' intentional act and misrepresentations, Defendants made payment to Plaintiffs' mortgagee for the outstanding amount of the loan on the Property, and payment for cleaning and restoration services to Plaintiffs' property.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**O.C.G.A. § 33-4-6 sets forth under what circumstances an insured may recover damages for an insurer's failure to pay in bad faith.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**See Attachment B.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession,

custody, or control that you may use to support your claims or defenses

unless solely for impeachment, identifying the subjects of the information.

(Attach document list and descriptions to Initial Disclosures as Attachment

C.)

     **See Attachment C.**

 (8) In the space provided below, provide a computation of any

category of damages claimed by you. In addition, include a copy of, or

describe by category and location of, the documents or other evidentiary

material, not privileged or protected from disclosure on which such

computation is based, including materials bearing on the nature and extent of

injuries suffered, making such documents or evidentiary material available

for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and

descriptions to Initial Disclosures as Attachment D.)

     **Defendants will seek recovery of any monies advanced and/or**

**paid under the terms of the policy, including but not limited to First**

**Liberty's payment to Plaintiffs' mortgagee for the outstanding amount**

**of the loan on the Property, and Defendants' payments for cleaning and**

**restoration services to Plaintiffs' property.  Defendants issued payment**

**to Plaintiffs' mortgagee, Aurora Loan Services, LLC, on January 12,**

**2009, in the amount of $153,998.13.  Defendants also seek exemplary and punitive damages in an amount to be determined, to deter Plaintiffs from wrongful and fraudulent conduct in the future.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**See Attachment E.**

Respectfully submitted this 8th day of October, 2009.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

*/s/H. Michael Bagley*
H. Michael Bagley
Georgia Bar No.  031425

*/s/J.Benson Ward*
J. Benson Ward
Georgia Bar No. 142233

Counsel for Defendants

880 W. Peachtree Street
P. O. Box 7600
Atlanta, GA  30357
(404) 885-1400
(404) 876-0992 (Fax)

Counsel certifies that this pleading complies with Local Rule 5.1.
The type is Times New Roman, 14 point.

2472423/1
0453-67488

13

## EXHIBIT A

1.  Plaintiff Robert Gheldar
    He has knowledge of the claims asserted against Defendants,
    circumstances surrounding loss and Defendants' investigation.

2.  Plaintiff Sara Gheldar
    She has knowledge of the claims asserted against Defendants,
    circumstances surrounding loss and Defendants' investigation.

3.  Reginald Lovelace
    He can be reached through counsel for Defendants
    He has knowledge of Defendants' investigation, adjustment, and
    appraisal of loss.

4.  Steven Baxley
    He can be reached through counsel for Defendants
    He has knowledge of Defendants' investigation of loss.

5.  Adam Markowitz
    He can be reached through counsel for Defendants
    He has general knowledge of claim being filed and the investigation.

6.  William G. Dodd
    156 Cotton Indian Creek Rd
    McDonough, GA 30252
    (770) 957-2268
    He has knowledge of the investigation regarding the origin and cause
    of Plaintiffs' loss.

7.  George Yeremian
    EFI Global, Inc.
    3039 Premiere Parkway, Suite 700
    Duluth, GA 30097
    770-925-9600
    He has knowledge of the electrical evaluation regarding Plaintiffs'
    loss.

8.    Laurel Waters Mason
      Analytical Forensic Associates
      3100 Five Forks Trickum Road
      Suite 104
      Lilburn, GA  30047
      (770) 982-0210
      She has knowledge of the analytical testing on samples from
      Plaintiffs' house.

9.    Jeff Morrill
      Applied Technical Services
      Current Address & Telephone Number Unknown
      He is believed to have information regarding the investigation
      regarding the origin and cause of Plaintiffs' loss

10.   Officer Freida W. Harwell
      Municipal Code Enforcement
      City of Winder
      45 E. Athens Street
      Winder, GA 30680
      She has information regarding the criminal investigation and warrants
      for arrest of Plaintiffs.

11.   Al Primavera
      Prima Adjusting Service
      1530 Willow Gateway Way
      Auburn, GA  30011
      He has knowledge of the adjustment, inventory, and appraisal for
      Plaintiffs' property loss.

12.   Sammy Sutton
      Servpro
      4660 North Royal Atlanta Dr.
      Suite B
      Tucker, GA 30084
      770-496-1976
      He has knowledge of the information regarding the cleaning of
      Plaintiffs' property damaged in the loss.

13.    Detective Eric Vance
       Winder Police Department
       94 North Broad Street
       Winder, GA  30680
       (770) 867-2156
       He has knowledge of the information regarding the criminal
       investigation and warrants for arrest of Plaintiffs.

14.    Cpl. Evans
       Winder Police Department
       94 North Broad Street
       Winder, GA  30680
       (770) 867-2156
       He has knowledge of information regarding Plaintiffs' report of
       4/28/08 theft at the Property.

15.    Lieutenant John Blocker
       Winder Police Department
       94 North Broad Street
       Winder, GA  30680
       (770) 867-2156
       He has knowledge of information regarding criminal incident report
       regarding Plaintiffs.

16.    Lt. Wesley Cox
       Winder Fire Department
       90 N Broad St
       Winder, GA 30680
       (770) 867-3212
       He has knowledge of the investigation regarding Plaintiffs' fire loss.

17.    Chief Ray Mattison
       Winder Fire Department
       90 N Broad St
       Winder, GA 30680
       (770) 867-3212
       He has knowledge of the investigation regarding Plaintiffs' fire loss.

18.  Doug Byron
     Forensic and Scientific Testing, Inc.
     3069 Amwiler Road
     Suite 9
     Atlanta, GA  30360
     (770) 449-4199
     He has knowledge regarding the analytical testing on samples from
     Plaintiffs' house.

19.  Donna Frost
     20 Saint Ives Way
     Winder, GA  30680
     (770) 868-1845
     She has knowledge regarding the circumstances surrounding the fire
     loss.

20.  Teresa, David, and Josh Ellerbee
     23 Saint Ives Lane
     Winder, GA 30680
     (770) 867-2736
     They have knowledge regarding the circumstances surrounding the
     fire loss.

21.  Jeff Kraus
     The Peoples Bank of Winder
     71 North Broad Street
     Winder, GA  30680
     (770) 867-9111
     He has information regarding Plaintiffs' mortgage application.

# EXHIBIT B

1.    William G. Dodd
      156 Cotton Indian Creek Rd
      McDonough, GA 30252
      (770) 957-2268

      Defendants will supplement their Initial Disclosures with a copy of
Mr. Dodd's report, photographs, CV and list of cases in which he has
testified as an expert.

2.    George Yeremian
      EFI Global, Inc.
      3039 Premiere Parkway, Suite 700
      Duluth, GA 30097
      770-925-9600

      Defendants will supplement their Initial Disclosures with a copy of
Mr. Yeremian's report, photographs, CV and list of cases in which he has
testified as an expert.

3.    Laurel Waters Mason
      Analytical Forensic Associates
      3100 Five Forks Trickum Road
      Suite 104
      Lilburn, GA  30047
      (770) 982-0210

      Defendants will supplement their Initial Disclosures with a copy of
Mrs. Waters Mason's report, photographs, CV and list of cases in which she
has testified as an expert.

## **EXHIBIT C**

*Copies of these non privileged documents are in
the possession of Counsel for Defendants*

1.    Certified Copy of Policy issued by Defendant The First Liberty
      Insurance Corporation

2.    Certified Copy of Policy issued by Defendant Liberty Mutual Fire
      Insurance Company

3.    Investigative Report of William G. Dodd

4.    Investigative Report of George Yeremian

5.    Plaintiffs' 2007 Tax Return and IRS tax return listing produced by
      Plaintiffs during fire investigation

6.    Plaintiffs' bank account records produced by Plaintiffs during fire
      investigation

7.    Plaintiffs' Mortgage Note produced by Plaintiffs during fire
      investigation

8.    Utility Records produced by Plaintiffs during fire investigation

9.    Aurora Loan Services records produced by Plaintiffs during fire
      investigation

10.   AT&T phone records produced by Plaintiffs during fire investigation

11.   Plaintiff Sara Gheldar's application for insurance

12.   Letters to and from Plaintiffs and their representatives, and
      Defendants and their representatives

13.   Examination Under Oath of Plaintiff Sara Gheldar

14.  Recorded statement of Sara Gheldar

15.  Recorded statement of Robert Gheldar

16.  Plaintiffs' Property Inventory Sheets

17.  Servpro estimates and invoices

18.  Correspondence and documents from Municipal Code Enforcement,
     City of Winder

19.  Photographs of Plaintiffs' home

20.  Copy of Sara Gheldar's passport

21.  Sara Gheldar's sketch of floor plan of house, provided at examination
     under oath

22.  Plaintiffs' Proof of Loss

23.  Documents provided by Winder Police Department

24.  Fire Report and documents provided by Winder Fire Department

25.  Defendants' checks submitted and/or tendered to Aurora Loan
     Services, LLC, and to third party vendors regarding Plaintiffs' claim

26.  Documents provided to Defendants by Aurora Loan Services LLC
     during fire investigation

27.  Documents provided to Defendants by AT&T during fire
     investigation

28.  Documents provided to Defendants by Georgia Power during fire
     investigation

29.  Utility records provided to Defendants by City of Winder during fire
     investigation

30.  Documents provided to Defendants by ING Direct during fire investigation

31.  Documents provided to Defendants from Bank of America for Countrywide Home Loans during fire investigation

32.  Documents provided to Defendants by Bank of America during fire investigation

## Exhibit D

*Copies of these non privileged documents are in
the possession of Counsel for Defendants*

1. Certified Copy of Policy issued by Defendant The First Liberty Insurance Corporation

2. Certified Copy of Policy issued by Defendant Liberty Mutual Fire Insurance Company

3. All checks issued by Defendants The First Liberty Insurance Corporation and Defendant Liberty Mutual Fire Insurance Company to or on behalf of Plaintiffs Sara and Robert Gheldar

## **Exhibit E**

Attached hereto is a certified copy of the policies issued by

Defendants to Plaintiffs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANTS' INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

> John Hadden
> Turkheimer & Hadden LLC
> The Grant Building
> 44 Broad Street, Suite 600
> Atlanta, GA  30303

This <u>8th</u> day of October , 2009.

*/s/H. Michael Bagley*
H. Michael Bagley
Counsel for Defendants

880 West Peachtree Street
P.O. Box 7600
Atlanta, GA  30357
(office): 404/885-1400
(fax): 404/876-0992